UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CAMERON CALLISON, et al. | No. 23 CR 580<br><br>Judge Joan Humphrey Lefkow |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendants and defendants= counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. **Attorney's Eyes Only Materials:** Certain materials disclosed or to be disclosed by the government contain particularly sensitive information, the unrestricted dissemination of which would adversely affect the safety interests of third parties. This information includes materials involving or identifying third parties and/or confidential source(s) who may have cooperated with the government during the course of its investigation (the "Attorney's Eyes Only Materials"). The

Attorney's Eyes Only Materials shall be plainly marked by the government prior to disclosure.

3. **Limits on Disclosure**: Defendants and defendants' counsel shall not disclose the materials subject to this protective order or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court. Neither the Attorney's Eyes Only Materials nor the information contained therein may be disclosed to any persons other than counsel for defendant (defined as counsel of record in this case) or investigators employed by defendant's counsel to assist the defense ("authorized persons"), without prior notice to the government and authorization from the Court. Absent prior permission from the Court, the Attorney's Eyes Only Materials shall not be included in any public filing with the Court, and instead shall be submitted under seal.

4. **Copies to Be Treated as Originals:** Defendants, defendants= counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendants, defendants' counsel, and authorized persons. Defendants' counsel shall not copy or

reproduce the Attorney's Eyes Only Materials. Such copies and reproductions shall be treated in the same manner as the original materials.

5. **Notes to Be Treated as Originals**: Defendants, defendants= counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. **Persons Using or Viewing the Sensitive Materials Must Be Advised of this Order**: Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement acknowledging that the authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case and shall provide copies of each signed statement to the Court for *in camera* review upon a showing by the government that there is a reasonable basis for such review.

7. **Disposal of the Sensitive Materials**: Upon conclusion of all stages of this case, all of the materials, Attorney's Eyes Only Materials, and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3)

3

retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials or Attorney's Eyes Only Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

8. **Mistaken Production**: To the extent any material or Attorney's Eyes Only Material is produced by the United States to defendants or defendants= counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

9. **Exceptions**: The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described above shall be filed

4

under seal to the extent necessary to protect such information, absent prior permission from this Court.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

    ENTER:

    _____
    JOAN HUMPHREY LEFKOW
    DISTRICT COURT JUDGE
    United States District Court
    Northern District of Illinois

Date: March 4, 2024